# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

SILVESTRE REYES-FILICIANO,

    Movant,

vs.                                                            No. CV 16-00875 MV/GJF
                                                                         No. CR 08-01412 MV

UNITED STATES OF AMERICA,

    Respondent.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** is before the Court under rule 4(b) of the Rules Governing Section 2255 Proceedings on Movant Silvestre Reyes-Filiciano's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (CV Doc. 1, CR Doc. 128). The Motion is a second or successive motion filed without authorization under 28 U.S.C. § 2255(h) and the Court will dismiss the Motion for lack of jurisdiction.

In 2008, Reyes-Filiciano was indicted on charges of conspiracy to distribute 500 grams or more of methamphetamine, possession with intent to distribute 500 grams or more of methamphetamine, and carrying a firearm during and in relation to a drug trafficking crime. (CR Doc. 18). Reyes-Filiciano pled guilty to all three counts of the Indictment under a Plea Agreement on July 20, 2009. (CR Doc. 73). On January 21, 2010, the Court sentenced him to an aggregate of 322 months of incarceration followed by three consecutive five-year terms of supervised release. (CR Doc. 87). Reyes-Filiciano did not appeal from the judgment.

Reyes-Filiciano filed his first motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 on July 29, 2010. (CR Doc. 102. *See, also*, CV 10-01261 BB/GBW, Doc. 1). His

1

§ 2255 motion raised issues of ineffective assistance of counsel, limited ability to read and understand English, induced into signing the plea agreement by trickery, and entitlement to a minor role adjustment in his sentencing. (*See* CR Doc. 110 at 22-23). The Magistrate Judge entered Proposed Findings and a Recommended Decision, recommending denial of relief and dismissal of the motion. (CR Doc. 110). The Court adopted the Magistrate Judge's Proposed Findings and Recommended Decision, denying the motion and dismissing with prejudice on October 31, 2011. (CR Doc. 114, 115).

On June 7, 2016, through counsel, Reyes-Filiciano filed an Application to File Second Petition Pursuant to 28 U.S.C. § 2255. (CR Doc.125). In his Application, Reyes-Filiciano sought to proceed on a § 2255 motion based on an argument that the U.S. Supreme Court's holding in *Johnson v. United States*, 135 S.Ct. 2551 (2015) that ACCA's residual clause is unconstitutionally vague applies equally to the residual clause of 18 U.S.C. § 924(c)(1)(A). (CR Doc. 125 at 1-2). Reyes-Filiciano subsequently filed a motion to withdraw the Application to File Second Petition Pursuant to 28 U.S.C. § 2255. That motion was granted by the Tenth Circuit on July 13, 2016. (CR Doc. 127-1).

Without Tenth Circuit authorization, Reyes-Filiciano then filed his current § 2255 Motion on July 28, 2016. (CV Doc. 1; CR Doc. 128). In his Motion, Reyes-Filiciano argues he is entitled to a sentence reduction based on retroactive application of *Johnson* to reduce his sentence under § 924(c). (CV Doc. 1 at 4-5; CR Doc. 128 at 4-5). The Motion is a second or successive § 2255 motion filed without authorization from the United States Court of Appeals for the Tenth Circuit. Absent Tenth Circuit authorization, a district court has no jurisdiction to even consider a second 2255 motion. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008); *Stanko v. Davis*, 617 F.3d 1262, 1265 (10th Cir. 2010).

Section 2255 provides that a second or successive § 2255 motion must be certified in accordance with § 2244 by a panel of a court of appeals to contain: (1) newly discovered evidence that would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law that was previously unavailable and was made retroactive to cases on collateral review by the Supreme Court. 28 U.S.C. § 2255(h). Section 2244 requires that, before a second or successive application is filed in the district court, the applicant shall move the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A).

Reyes-Filiciano has filed his § 2255 motion without authorization from a court of appeals as required by § 2244(b)(3)(A). The Court lacks jurisdiction to consider his motion absent the requisite authorization. When a second or successive § 2255 motion is filed in the district court without the required authorization from a court of appeals the district court may dismiss or may transfer the matter to the court of appeals if it determines it is in the interest of justice to do so pursuant 28 U.S.C. § 1631. *See In re Cline*, 531 F.3d at 1252.

Under *Cline*, one of the factors the Court may consider in determining whether to transfer is whether the claims alleged are likely to have merit. *Cline*, 531 F.3d at 1251. In order to proceed on his second § 2255 motion, Reyes-Filiciano would need to present grounds for relief based on a new rule of constitutional law made retroactively applicable on collateral review. 28 U.S.C. § 2255(h). Reyes-Filiciano argues he is entitled to proceed based on an extension of *Johnson* to § 924(c)(1)(A) . The provisions of § 924(c) dealing with enhancement of sentences for drug trafficking offenses involving guns do not incorporate or implicate the definition of "violent crime." Reyes-Filiciano's sentence was enhanced under the drug trafficking provisions

3

of 924(c) and *Johnson's* holding has no application to Reyes-Filiciano's sentence. Applying *Cline,* the Court finds Reyes-Filiciano's allegations are unlikely to have any merit and it is not in the interests of justice to transfer this matter to the Court of Appeals.

Reyes-Filiciano does not meet the requirements to obtain authorization for a second or successive §2255 motion. 28 U.S.C. § 2255(h)(2). The Court determines that it lacks jurisdiction to consider Reyes-Filiciano's second § 2255 motion and it is not in the interests of justice to transfer his filing to the Tenth Circuit. *In re Cline,* 531 F.3d 1249, 1252. The Court also determines, *sua sponte* under rule 11(a) of the Rules Governing Section 2255 Proceedings, that Reyes-Filiciano has failed to make a substantial showing he has been denied a constitutional right under 28 U.S.C. § 2253(c)(2). The Court will deny a certificate of appealability.

**IT IS ORDERED** that Movant Silvestre Reyes-Filiciano's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (CV Doc. 1, CR Doc. 128) is **DISMISSED** for lack of jurisdiction, a certificate of appealability is **DENIED**, and judgment will be entered.

_____
MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE