**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                         No. CR 08 1412 MV

SILVESTER REYES-FELICIANO

      Defendant.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the Court on Silvester Reyes-Feliciano's pro se Motion for Reduction of Sentence Pursuant to 18 U.S.C.§ 3582(c)(2). Doc. 150. The government filed a Response [Doc. 152]. Having considered the briefs and relevant law, and being otherwise fully informed, the Court finds that Mr. Reyes-Feliciano is not eligible for a sentence reduction and his motion must be denied.

**DISCUSSION**

Mr. Reyes-Feliciano plead guilty to one count of Conspiracy to Possess with Intent to Distribute 500 Grams and More of Methamphetamine, in violation of 21 U.S.C. § 846, one count of Possession with Intent to Distribute 500 Grams and More of Methamphetamine, in violation of 21 U.S.C.§ 841(b)(1)(A), and one count of Carrying a Firearm During and in Relation to a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A). At sentencing, the total offense level was 34, and the criminal history category was VI, based on 21 criminal history points. Presentence Investigation Report (PSR) ¶¶ 83, 63. Pursuant to United States Sentencing Guidelines (U.S.S.G.) § 4B1.1(c), United States District Judge Black determined that Mr. Reyes-Feliciano was a career

offender. Doc. 107 at 8:23–10:4. Accordingly, the advisory guideline range was 322 to 387 months. Judge Black sentenced Mr. Reyes-Feliciano to 322 months, or slightly less than 27 years.

Mr. Reyes-Feliciano now asks for relief based on Amendment 821 of the Sentencing Guidelines. When Mr. Reyes-Feliciano was initially sentenced, pursuant to U.S.S.G. § 4A1.1(d), the Guidelines applied two criminal history points, commonly referred to as "status points," if the defendant had committed the instant offense while under any criminal justice sentence. However, under Amendment 821, which went into effect on November 1, 2023, the Sentencing Commission altered the "status points" provision, which now states:

> Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

U.S.S.G. § 4A1.1(e). The Sentencing Commission made this amendment retroactive. U.S.S.G. § 1B1.10(d). Under U.S.S.G. § 4A1.1(e), Mr. Reyes-Feliciano would have 20 criminal history points, as opposed to his initial 21 points. As a career offender, his criminal history category would still be VI and his guidelines range would be unchanged, therefore he is not eligible for a sentence reduction.

Furthermore, this Court has no jurisdiction over Mr. Reyes-Feliciano's current sentence. Mr. Reyes-Feliciano served approximately 169 months of his original sentence from the District Court of New Mexico when this Court granted his motion for compassionate release and reduced his sentence to time served. Doc. 148. Mr. Reyes-Feliciano, however, is still in the custody of the Bureau of Prisons because he is currently serving an 18-month sentence for his conviction for Assault on a Federal Employee Resulting in Injury, in violation of 18 U.S.C. §§ 111(a) and (b). *United States v. Reyes-Feliciano,* 16-CR-0020 (N.D. W. Va.). Because this Court has already granted Mr. Reyes-Feliciano's request for compassionate release, he is no longer being held on

any case before this Court. Accordingly, this Court has no jurisdiction to grant Mr. Reyes-Feliciano relief in his West Virginia case and his motion must be denied.

**IT IS THEREFORE ORDERED** that Mr. Reyes-Feliciano's Motion for Reduction of Sentence Pursuant to 18 U.S.C.§ 3582(c)(2) [Doc. 150] is denied.

ENTERED this 24th day of June 2024.

_____
THE HONORABLE MARTHA VÁZQUEZ
SENIOR UNITED STATES DISTRICT JUDGE